JOHN PYNCHON, use, etc.,

v.

ALBERT M. DAY.

EVIDENCE—INSPECTION OF BOOKS.—If it be assumed that the statute in relation to the production of books and writings authorizes the court to compel the production of books or writings prior to the trial, for the mere purpose of allowing them to be inspected by the parties, it is a matter left to the sound discretion of the court, and such power should never be exercised so as needlessly to expose the private affairs of those in whose custody the books or writings may be. It is proper to seal up that part of the writings relating to private affairs not connected with the matter in issue.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed January 6, 1886.

Mr. T. J. SUTHERLAND, for appellant.

Messrs. PADDOCK & ALDIS and Mr. FREDERIC ULLMANN, for appellees.

BAILEY, P. J. This was a suit in assumpsit, brought by John P. Pynchon against Albert M. Day and another, to recover of the defendants certain moneys deposited with them by the plaintiff as margins or security in the purchase and sale of stocks and bonds by the defendants, as the agents or brokers of the plaintiff. The trial having resulted in a verdict and judgment for the defendants, the plaintiff brings the record to this court by appeal.

The assignment of error principally relied upon is one which calls in question certain rulings of the court in relation to the production by the defendants of certain books and papers in their possession, for the inspection of the plaintiff and his attorneys. During the pendency of the suit and before it was reached for trial, the plaintiff, for the purpose of enabling himself to prepare for trial, made several successive motions,

supported by affidavit, for rules on the defendant to produce before the court, for examination and inspection by the plaintiff and his attorneys, all the books of account, vouchers and memoranda kept by them during their dealings for and with the plaintiff, showing all their dealings in stocks and bonds during that period. The court refused to require them to submit to the plaintiff's inspection their accounts with other persons in no way connected with their dealings with the plaintiff, but permitted an inspection of their accounts with him, in such form as to be, in our judgment, sufficient for all the purposes of preparing the case for trial.

On the first motion, it appeared that all the accounts relating to transactions between the plaintiff and defendants were embraced in a journal and ledger in the power and possession of the defendants, and it was ordered that those books should be produced in court and placed in the possession of the clerk of the court; and it also appearing that all the ledger entries, pertinent and proper, to be examined by the plaintiff, were to be found on five certain pages of the ledger, it was ordered that the examination and inspection by the plaintiff of the ledger be restricted to those pages, and that the defendants be at liberty to seal up the remaining pages of the book. It also appearing that the journal entries of the transactions between the parties were so intermingled upon each page with entries of transactions between the defendants and outside parties, that an inspection thereof would necessarily expose those transactions, it was ordered that the defendants be permitted to present, for the use of the plaintiff, in lieu of an inspection of the original entries, a verbatim copy of all the journal entries of all matters and transactions between the plaintiff and the defendants, showing the pages where entered, such copy to be verified by the affidavit of the defendants or one of them, and, if the plaintiff desired it, by a certificate of the clerk of the court or one of his deputies, made upon actual examination and comparison with the original entries. A subsequent motion to permit the plaintiff and his attorneys to inspect the defendant's accounts with their agents in New York of purchases and sales of stocks during the same period was denied,

Pynchon v. Day.

but the former order was so modified as to permit the defendants, under the direction of the clerk of the court, to seal or cover the names of the parties other than the plaintiff, and no wise connected with him, appearing in said accounts, and to allow the plaintiff and his attorneys to have full liberty to inspect said entire account, except the names so sealed or covered, and to take copies thereof.

We are unable to see that any essential injustice has been done the plaintiff by these various orders. It should be remembered that, apparently, none of the plaintiff's motions were made for the purpose of compelling the production of books or writings to be used as evidence on the trial, and the record shows that when the trial came on, no effort whatever was made to use said books as evidence, or to require their production for that purpose. The purpose of the motions then manifestly was, to procure an inspection of the defendant's books for the plaintiff's own private information, with a view of using what he might thus be able to discover in shaping his theory of the case or otherwise preparing for trial.

The statute in relation to the production of books and writings is as follows: "The several courts shall have a power in any action pending before them, upon motion, and good and sufficient cause shown, and reasonable notice thereof given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue." If it be assumed that this statute authorizes the court to compel the production of books or writings prior to the trial, for the mere purpose of allowing them to be inspected by the parties, it seems clear that it is a matter left to the sound discretion of the court, and such power should never be exercised so as needlessly to expose the private affairs of those in whose custody the books or writings may be. Connected with matters which are material to the issue, may be other matters not material, and it is a very proper exercise of discretion, where they are capable of being separated, to refuse an inspection of those parts of the writings which are not evidence, especially where such inspec-

tion will tend unnecessarily to expose business or other private affairs with which the party seeking to make the inspection has no concern.

The plaintiff was allowed to inspect all portions of the defendant's ledger and journal which contained evidence pertinent to the issue. The defendant's accounts with other parties were wholly immaterial, and could not have been properly received in evidence at the trial for any purpose. Nor do we see any objection to the mode adopted by the count to separate the defendant's accounts with the plaintiff from their accounts with other parties. It was easy for any one at all familiar with book-keeping to distinguish, by mere inspection, one class of accounts from the other, and we see no reason why the clerk of the court or one of his deputies was not competent to separate them, and supervise the action of the defendants in sealing or covering up those entries having no relation to the plaintiff's business. Had the books been produced and offered in evidence on the trial, the case would have been different. Then it would undoubtedly have been incumbent upon the court, in the exercise of its judicial functions, to pass upon the competency of the evidence.

Some other points are raised by counsel for the appellant, but none of them seem to be well taken. We find no substantial error in the record, and the judgment will therefore be affirmed.

Judgment affirmed.